IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ANTONIO LORENZO HOGGAN**  **PLAINTIFF**

v.  CIVIL NO. 1:24-cv-00348-HSO-BWR

**CITY OF GULFPORT POLICE DEPARTMENT**  **DEFENDANT**

## ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court sua sponte. After considering the record and relevant legal authority, the Court finds that this civil action should be dismissed without prejudice.

### I. BACKGROUND

On November 8, 2024, pro se Plaintiff Antonio Lorenzo Hoggan filed this Complaint under 42 U.S.C. § 1983 naming the City of Gulfport Police Department as Defendant. Compl. [1] at 1. At the time, Plaintiff was housed at the Harrison County Adult Detention Center in Gulfport, Mississippi, *id.*, and he is proceeding *in forma pauperis*, Order [10]. Plaintiff claims that he was falsely arrested and imprisoned by the Gulfport Police Department on December 5, 2023, Compl. [1] at 4, and seeks $7,000,000.00 in damages, plus his "criminal charges . . . to be dismissed and [his] record to reflect [that he] was never arrested," *id.*

In the course of screening this case under 28 U.S.C. § 1915, on June 6, 2025, the Court ordered Plaintiff to file a written response to a series of questions that would aid the Court in evaluating his claims. Order [12] at 1-2. Plaintiff's written response was due to be filed by June 20, 2025, and he was warned that "[f]ailure to

advise the Court of a change of address or failure to timely comply with any order of the Court . . . may result in this lawsuit being dismissed without prejudice and without further notice." *Id*. at 2. That Order [12] was mailed to Plaintiff at his last-known mailing address, and it was returned as undeliverable in an envelope marked, "unable to locate inmate." Envelope [13] at 1. Plaintiff did not comply with the Court's Order [12] by the June 20 deadline.

On July 2, 2025, the Court ordered Plaintiff to show cause why this case should not be dismissed for his failure to comply with its previous Order [12]. Order [14] at 2. Plaintiff's responsive deadline was extended to July 16, 2025, and he was again warned "[t]hat failure to timely comply with the requirements of this Order or to advise the Court of a change of address . . . will result in this lawsuit being dismissed without prejudice and without further notice to him." *Id*. The Order to Show Cause [14] and the Court's June 6 Order [12] were mailed to Plaintiff at his last-known mailing address, and they were also returned as undeliverable in an envelope marked, "unable to locate inmate." Envelope [15] at 1. Plaintiff did not comply with the Court's Orders [14], [12] by the July 16 deadline.

On July 30, 2025, the Court entered a Second and Final Order to Show Cause, directing Plaintiff to "explain why this case should not be dismissed for failure to comply with the Court's Orders [14] [12]." Order [16] at 2. Plaintiff was directed to file a written response to that effect on or before August 13, 2025. *Id*. Also by the August 13 deadline, Plaintiff was directed to comply with the Court's June 6 Order [12] "by filing a written response to fully answer the questions posed

therein." *Id*. Plaintiff was again warned "[t]hat failure to timely comply with the requirements of this Order or to advise the Court of a change of address . . . **will result** in this lawsuit being dismissed without prejudice and without further notice to him." *Id*. at 2-3 (emphasis in original). Plaintiff was cautioned that this was his "final opportunity to comply with the Court's Orders [14] [12]." *Id*. The Second and Final Order to Show Cause [16], a copy of the Order to Show Cause [14], and a copy of the Court's June 6 Order [12] were mailed to Plaintiff at his last-known mailing address, and they were again returned as undeliverable in an envelope marked, "unable to locate inmate." Envelope [17] at 1.

To date, Plaintiff has not responded to the Court's June 6, July 2, or July 30 Orders [12], [14], [16], nor has he otherwise contacted the Court about his case since February 3, 2025. *See* Ack. [4]. This inaction includes Plaintiff's apparent failure to notify the Court about a change of address, and the Court has been unable to locate Plaintiff's current address through independent research.

## II. DISCUSSION

The Court may dismiss an action sua sponte for a plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b). *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendar "of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31. Such a "sanction is necessary in order to prevent undue delays in the

disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30; *see also, e.g.*, *Dunn v. Farrell*, 598 F. App'x 332, 333 (5th Cir. 2015) (affirming sua sponte dismissal of a prisoner's case for failure to comply with court orders); *Rice v. Doe*, 306 F. App'x 144, 146 (5th Cir. 2009) (same).

This case has yet to progress past its initial stages due to Plaintiff's failure to comply with the Court's Orders. Specifically, Plaintiff did not comply with three Court Orders [12], [14], [16], after being warned eight times that failing to do so may lead to the dismissal of his case. *See* Second and Final Order to Show Cause [16] at 2-3; Order to Show Cause [14] at 2; Order Requiring Plaintiff to Respond [12] at 2; Order Setting Payment Schedule [10] at 3; Second and Final Order to Show Cause [8] at 3; Order to Show Cause [6] at 2; Order [4] at 2; Notice of Assignment [1-3] at 1. Despite these warnings, Plaintiff has taken no action in this case for more than six months, representing a clear record of delay, contumacious conduct, and lack of interest. It is apparent that Plaintiff no longer wishes to pursue this lawsuit.

As the record demonstrates, lesser sanctions than dismissal have not prompted "diligent prosecution" but have instead "proved to be futile." *Tello v. Comm'r of Internal Revenue*, 410 F.3d 743, 744 (5th Cir. 2005); *see also Rogers v. Kroger Co.*, 669 F.2d 317, 321-22 (5th Cir. 1982) (finding that "explicit warnings are preliminary means or less severe sanctions that may be used to safeguard a court's undoubted right to control its docket"). Under these circumstances, dismissal without prejudice is warranted.

4

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, this civil action is **DISMISSED WITHOUT PREJUDICE** for failure to obey the Court's Orders and to prosecute. A separate final judgment will be entered under Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 28th day of August, 2025.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE